UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER YATOOMA,
CARRIE YATOOMA

      Plaintiffs,

                          CASE NO. 2:09-CV-13484
v.                        JUDGE JOHN FEIKENS
                          MAGISTRATE JUDGE PAUL J. KOMIVES

JPMORGAN CHASE BANK, N.A.,

      Defendant.
_____/

# REPORT AND RECOMMENDATION

*Table of Contents*

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    *Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      B.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
           1.    *Fed. R. Civ. P. 12(b)(6)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
           2.    *Fed. R. Civ. P. 9(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
      C.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
           1.    *Predatory Lending (Count II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
           2.    *Truth in Lending Act Claim (Count III)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
           3.    *Home Ownership Equity Protection Act (Count I))* . . . . . . . . . . . . . . . . . . . . 7
           4.    *Misrepresentation Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
               a.    *Fraudulent Misrepresentations (Count IV)* . . . . . . . . . . . . . . . . . . . 9
               b.    *Negligent Misrepresentations (Count V)* . . . . . . . . . . . . . . . . . . . . 12
           5.    *Mortgage Brokers, Lenders, and Servicers Licensing Act Claim (Count VI)* . . . . . . . . . 14
      D.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

III.  NOTICE TO THE PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

I.      RECOMMENDATION: The Court should grant defendant's motion to dismiss.

II.     REPORT:

A.     *Background*

Plaintiffs Christopher and Carrie Yatooma filed a Complaint against JPMorgan Chase Bank N.A. ("Chase") and Success Mortgage Partners, Inc. ("Success") on August 5, 2009, in the Oakland County Circuit Court. The Complaint alleged the following claims: (1) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, (2) predatory lending, (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, (4) fraudulent misrepresentation, (5) negligent misrepresentation, and (6) violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), MICH. COMP. LAWS § 445.1651, *et seq.* On August 14, 2009, plaintiffs voluntarily dismissed defendant Success with prejudice, leaving Chase as the sole defendant in this case. Defendant removed the case to this Court on September 3, 2009 and filed the present motion to dismiss/motion for summary judgment on October 23, 2009.

Plaintiffs purchased property commonly known as 17861 Beechwood Avenue in Beverly Hills, Michigan 48025 ("the Property") in November 2005 for about $371,000.00. *See* Compl., ¶ 8. On December 31, 2007, they obtained a loan ("Mortgage") from Success in the amount of $339,150.00 to refinance their mortgage. Plaintiff Christopher Yatooma signed a promissory note ("Note") in connection with the Mortgage. *See* Compl., ¶ 9, Def.'s Br., Ex. 1. The Note and Mortgage were subsequently assigned to Chase. *See* Compl., ¶ 10, Def.'s Br., Ex. 3. Plaintiffs received a Federal Truth in Lending Disclosure Statement in connection with the Note and Mortgage that listed plaintiffs' payments as $2,338.22 for 100 months, $2,199.73 for 259 months, and

$2,188.69 as the final payment. *See* Def.'s Br., Ex. 5.

The Uniform Residential Loan Application lists plaintiffs' monthly income in 2007 as $11,900.00. However, plaintiffs allege their actual monthly income was roughly $5,000.00. *See* Compl., ¶ 13-14, Ex. A. During this same period plaintiffs had monthly revolving debt expenses of $1,954.00. Including taxes and insurance, the loan in question caused plaintiffs to incur an additional $3,399.11 in monthly loan obligations. Thus, over 100% of plaintiffs' monthly income was spent on revolving debt and mortgage expenses. *See id.*, ¶ 15-17. Plaintiffs contacted defendant in June 2009 to request a loan modification because their income had decreased substantially since the refinancing of their mortgage. Defendant was not receptive to this request. *See id.*, ¶ 18-19, Ex. C.

Plaintiffs allege that they did not know, and could not have known, that at the time of the transaction in question, defendants "made a very large number of sub-prime loans that were not based on true property values or the borrower's actual ability to repay." *See id.*, ¶ 20. Therefore, plaintiffs allege, they were unaware that they were entering into a loan for property that was not worth the amount represented to them. *See id.*, ¶ 21. Plaintiffs claim that they should never have been approved for the loan in question and seek to vindicate their rights in the present lawsuit. Plaintiffs seek the following remedies: (1) judgment against defendant in an amount over $25,000.00 plus interest, costs, and attorneys fees, (2) rescission of the Notes and Mortgages, as well as the disgorgement of interest payments obtained in connection with the improper mortgage, and (3) reformation of the Note and Mortgage to reflect a fair and equitable bargain.

B.  *Legal Standard*

    1.  *Fed. R. Civ. P. 12(b)(6)*

Dismissal of a claim is appropriate when the pleadings "fail to state a claim upon which

relief can be granted." FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss, a court must construe the complaint "in the light most favorable to plaintiff," and accept as true the complaint's "well-pleaded facts." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). However, the court "need not accept as true legal conclusions or unwarranted factual inferences. *Id.* Thus, dismissal of a claim under FED. R. CIV. P. 12(b)(6) is proper if "plaintiff can undoubtedly prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Generally, a court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Although the parties have attached documents to their briefs, the Court need not convert the motion to one for summary judgment. The attached documents are the loan documents referenced in the Complaint upon which plaintiffs' base their claims. The Seventh Circuit has held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."). The Sixth Circuit adopted this view in *Weiner*, 108 F.3d at 89.

2. *Fed. R. Civ. P. 9(b)*

When a party alleges fraud, it "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The Sixth Circuit requires a plaintiff to "allege the time,

4

place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (quoting *Yuhasz v. Bruch Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). Thus, to satisfy the requirements of Rule 9(b) and survive dismissal under Rule 12(b)(6), "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (citation omitted). However, in the absence of a motion for a more definite statement by the defendant, dismissal for failure to satisfy Rule 9(b) is improper. *See id.* at 162 (citing *Hayduk v. Lanna*, 775 F.2d 441, 445 (1st Cir. 1985) (in meeting the particularity requirement of Rule 9(b), "federal courts must be liberal in allowing parties to amend their complaints").

C.   *Analysis*

   1.   *Predatory Lending Claim (Count II)*

Plaintiffs claim that defendant engaged in predatory lending practices in order to induce them into obtaining the loan in question. Assuming that this allegation is true does not change the fact that Michigan does not recognize a claim of predatory lending. *See King v. Bank of America Corp.*, No. 09-12481, 2009 WL 2960425, at *3 (E.D. Mich. Sept. 11, 2009) (Roberts, J.); *Saleh v. Home Loan Services, Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug. 17, 2009) (Duggan, J.). Therefore, plaintiffs have failed to state a claim upon which relief can be granted. Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiffs' predatory lending claim.

   2.   *Truth In Lending Act Claim (Count III)*

An action for violation of the TILA may be brought "within one year from the date of the

occurrence of the violation." 15 U.S.C. § 1640(e). The transaction that gave rise to plaintiffs' claim occurred on December 31, 2007. Plaintiffs filed their complaint on August 5, 2009, more than one year after the occurrence of the alleged violation. Thus, plaintiffs' TILA claim is time-barred unless it is subject to equitable tolling.

The running of a statute of limitations may be tolled under the equitable tolling doctrine of fraudulent concealment when the plaintiff shows that: "(1) the defendant took affirmative steps to conceal the plaintiff's cause of action; and (2) the plaintiff could not have discovered the cause of action despite exercising due diligence." *Jarrett v. Kassel*, 972 F.2d 1415, 1423 (6th Cir. 1992). Thus, in order to establish fraudulent concealment as the basis for tolling the limitations period in the present case, plaintiffs must show that defendant actively engaged in fraud to prevent plaintiffs from discovering their alleged TILA violations. "[T]he alleged acts of concealment . . . must amount to more than a failure on behalf of the defendant to disclose the initial fraudulent conduct. Indeed, fraudulent concealment requires some act in addition to the commission of the initial fraudulent act because it implies conduct affirmatively directed at deflecting litigation." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *3 (E.D. Mich. Feb. 10, 2010) (Battani, J.) (quoting *Jones v. Saxon Mortg., Inc.*, 980 F. Supp. 842, 846 (E.D. Va. 1997)).

Plaintiffs claim that defendant violated the TILA by providing "false interest rate, fee and/or monthly payment disclosures in connection with the closing of the mortgage loan transaction." Compl., ¶ 38. In support of their argument that the limitations period should be tolled, plaintiffs claim they were unable to discover defendant's alleged TILA violations because "the documents provided to Plaintiff were seriously misleading." Compl., ¶ 39. These allegations do not present any fraudulent concealment by defendants, except the alleged fraudulent acts that are the basis of

6

plaintiffs' TILA claim. Further, even if taken as true, the fact that the documents were "seriously misleading" does not provide a basis for the conclusion that plaintiffs could not have discovered the alleged fraud had they exercised due diligence. As in *Mills v. Equicredit Corp.*, 294 F. Supp. 2d 903, 909 (E.D. Mich. 2003) (Borman, J.), "[b]y exercising due diligence, [p]laintiffs could have discovered the terms of the loans by reading the loan documents." Plaintiffs' response that defendant's conduct is "just the type of fraudulent concealment . . . that the doctrine of equitable tolling applies to" is a conclusory statement without factual basis. "Federal Rules do not require courts to credit conclusory statements without reference to their factual content." *Sparks v. M&T Bank*, No. 2:09-cv-12128, 2009 WL 4506436, at *3 (E.D. Mich. Dec. 1, 2009) (Battani, J.) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).

Plaintiffs have failed to show that they are entitled to equitable tolling of the limitations period. Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiffs' TILA claim because the limitations period expired before they filed suit.

3. *Home Ownership Equity Protection Act Claim (Count I)*

Plaintiffs claim that defendant violated the HOEPA, 15 U.S.C. § 1639, by extending credit to them without regard to their ability to repay the debt. *See* 15 U.S.C. § 1639(h):

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

Section 1602(aa) states:

> (1) A mortgage referred to in this subsection means a consumer credit transaction that is secured by the consumer's principal dwelling, other than a residential mortgage transaction, a reverse mortgage transaction, or a transaction under an open end credit plan, if –

7

(A) the annual percentage rate at consummation of the transaction will exceed by more than 10 percentage points the yield on Treasury securities having comparable periods of maturity on the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor; or

(B) the total points and fees payable by the consumer at or before closing will exceed the greater of –

(i) 8 percent of the total loan amount; or

(ii) $400.

Defendant's argument that the loan in question does not qualify as a HOEPA loan is sound. First, the interest rate of plaintiffs' loan is 7.1 percent according to their TILA Disclosure Statement. *See* Def.'s Br., Ex. 5. Being less than 10 percent, it is impossible for the rate to "exceed by more than 10 percentage points the yield on Treasury securities." Second, the total points and fees payable at closing did not exceed 8 percent of the total loan amount. Eight percent of the total loan amount is $27,132.00, which is far more than the total amount of settlement charges listed on the HUD Settlement Statement ($8,297.89). *See* Def.'s Br., Ex. 6. Plaintiffs argue that the total points and fees for the purposes of HOEPA is $469,652.76 (the finance charge listed on their TILA Disclosure Statement). This argument ignores 15 U.S.C. § 1602(aa)(4), which states that points and fees for the purpose of § 1602(aa)(1)(B) include "all items included in the finance charge, except interest or the time-price differential." The $469,652.76 finance charge listed on plaintiffs' TILA Disclosure Statement includes the interest they will pay over the life of the loan. This interest is not to be considered when determining the amount of points and fees payable at or before closing for the purposes of HOEPA. *Sinishtaj v. Chase Home Finance, LLC*, No. 09-10859, 2009 WL 4950464, at *5, n.7 (E.D. Mich. Dec. 15 2009) (Edmunds, J.). Thus, the points and fees payable at or before closing for the purposes of HOEPA were less than 8 percent of the total loan amount. Plaintiffs' loan

does not qualify as a HOEPA loan, and, therefore, they can not be granted relief on their HOEPA claim.

While plaintiffs' HOEPA claim may be subject to the same one-year statute of limitations discussed above because 15 U.S.C. § 1639(h) is part of the TILA, defendant failed to raise this argument in its motion to dismiss. Therefore, defendant has waived any claim that plaintiffs' HOEPA claim is time-barred. Though I cannot recommend that the Court dismiss the HOEPA claim for plaintiffs' failure to bring it within the limitations period, I do recommend that the Court dismiss the HOEPA claim for failure to state a claim upon which relief can be granted. Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiffs' HOEPA claim.

   4.   *Misrepresentation Claims*

      a.   *Fraudulent Misrepresentation (Count IV)*

To establish fraudulent misrepresentation, plaintiffs must show: "(1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false, (4) the defendant made the representation with the intention that plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result." *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 688, 599 N.W.2d 546, 553 (1999). Further, plaintiffs must show that their reliance on the misrepresentations was reasonable. *Novak*, 235 Mich. App. at 690, 599 N.W. 2d at 554 ("a person who *unreasonably* relies on false statements should not be entitled to damages for misrepresentation.") (emphasis in original).

Plaintiffs claim that defendant engaged in fraudulent misrepresentation by providing plaintiffs with false property value and payment disclosures, as well as by falsely representing that

property values on the mortgage market were much greater than they actually were, and that plaintiffs would be able to sell the property or refinance the loan in the future. Plaintiffs allege that defendant either knew that these statements were false or proceeded with reckless disregard as to their truth. Plaintiffs further allege that the misrepresentations were made with the intention that plaintiffs would borrow money from defendant, pay closing costs, and make monthly payments, which they did, allegedly as a result of defendant's misrepresentations.

These conclusory allegations fail to state a claim of fraudulent misrepresentation with the particularity required by Rule 9(b). Specifically, plaintiffs' complaint does not allege the time and place of the misrepresentations. Their argument that "[i]t is clear from the context of the Complaint that the misrepresentations were made at or about the time of closing" is inadequate because it does not provide sufficient information to allow defendant to respond in any meaningful way. "Plaintiffs cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss." *Kashat*, 2010 WL 538295, at *4 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,555 (2007)).

Regardless of their failure to meet the pleading specifications of Rule 9(b), plaintiffs have failed to state a claim for relief. First, plaintiffs' claim that defendant knew that plaintiffs could not sell the property or refinance the loan in the future fails because, under Michigan law, a claim for misrepresentation cannot be based on "mere broken promises, unfulfilled predictions, or erroneous conjectures as to future events." *Mieske v. Harmony Elec. Co.*, 278 Mich. 61, 66, 270 N.W.2d 216, 218 (1936) (internal quotations removed); *see also Forge v. Smith*, 458 Mich. 198, 212, 580 N.W.2d 876, 883 (1998) ("A promise regarding the future cannot form the basis of a misrepresentation claim."); *Kirk v. Vaccaro*, 344 Mich. 226, 232, 73 N.W.2d 871, 874 (1955). Thus, any alleged promise or speculation as to plaintiffs' ability to sell or refinance the Property in the future cannot be

a basis for their fraudulent misrepresentation claim. Second, plaintiffs' reliance on defendant's alleged misrepresentations was unreasonable with respect to the value of the property and the amount of their monthly payments because they could have determined the validity of this information by having the property appraised and by looking at the Mortgage, Note, or TILA disclosures. Further, "[p]roperty does not have a single, absolute and correct value. Rather, value depends on the position of potential buyers and sellers, and, ultimately on what market conditions prevail when values are gauged." RAYMOND T. NIMMER, 1 COMMERCIAL ASSET-BASE FINANCING, § 5.50. Thus, a bank's representation of the value of property cannot constitute a tort because "representations as to value alone are generally matters of opinion upon which no detrimental reliance can occur," and because "the doctrine of *caveat emptor* applies to real estate transactions such that the buyer has a duty to satisfy himself or herself of the quality of a bargained purchase price without trusting the seller." *Simms v. Biondo*, 816 F. Supp. 814, 820 (E.D.N.Y. 1993). Michigan law has long followed this rule. *See Boss v. Tomaras*, 251 Mich. 469, 473, 232 N.W.2d 229, 231 (1930) (explaining the "general rule that a statement of value is an expression of opinion and not a basis for fraud.").

If plaintiff's failure to meet the pleading standards of Rule 9(b) were the only deficiency with respect to their fraudulent misrepresentation claim, I would recommend that the Court allow plaintiffs to amend their complaint. However, regardless of its failure to allege the circumstances constituting defendant's fraud with particularity, plaintiffs' complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiffs' fraudulent misrepresentation claim.

b. *Negligent Misrepresentation (Count V)*

Negligent misrepresentation is established when "a party justifiably relied to his detriment on information provided without reasonable care by one who owed the relying party a duty of care." *Law Offices of Lawrence J. Stockler, P.C. v. Rose*, 174 Mich. App., 14, 33, 436 N.W.2d 70, 81. The elements of negligent misrepresentation are: "(1) a material misrepresentation by the defendant; (2) the representation was unintentionally false; (3) the representation is made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit." *Yaldu v. Bank of America Corp.*, No. 09-12472, 2010 WL 1237871, at *10 (E.D. Mich. Mar. 31, 2010) (Lawson, J.) (quoting *Sipes v. Kinetra, LLC*, 137 F. Supp. 2d 901, 910 (E.D. Mich. 2001).

Plaintiffs claim that because defendant stood to benefit from plaintiffs entering into the Note and Mortgage, the resulting business relationship gave rise to a duty of care on the part of both plaintiffs and defendant. Plaintiffs allege that defendant breached this duty by preparing the information relating to the value of the property, payment amounts on the Note and Mortgage, whether plaintiffs could refinance or sell the Property, and closing costs without reasonable care as to the information's truth or falsehood. However, under Michigan law, a lender does not owe a duty of care to a loan applicant. *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 200, 480 N.W.2d 910, 913 (holding that a lender did not have an independent legal duty to exercise reasonable care in determining the plaintiff's eligibility for the loan.); *see also Yaldu v. Bank of America Corp.*, No. 09-12472, 2010 WL 1237871, at *10 (Mar. 31, 2010) (Lawson, J.). Further, even if defendant did owe plaintiffs a duty of reasonable care, plaintiffs fail to state a claim for

relief. First, as discussed above, misrepresentation claims cannot be based on promises regarding the future. *Forge*, 458 Mich. at 212, 580 N.W.2d at 883. Thus, plaintiffs' claim that defendant misrepresented whether they could refinance or sell the property in the future cannot be a basis for their negligent misrepresentation claim. Second, as discussed above, plaintiffs' reliance on defendant's alleged misrepresentations relating to the value of the Property and their monthly payments was unreasonable. Thus, plaintiffs could not have justifiably relied on this information to their detriment.

In short, defendant owed no duty to plaintiff that would establish tort liability, and, even if it did, plaintiffs' complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiff's negligent misrepresentation claim.

5.    *Mortgage Brokers, Lenders, and Servicers Licensing Act Claim (Count VI)*

Plaintiffs' complaint alleges that defendant violated the MBLSLA, MICH. COMP. LAWS § 445.1651 *et seq.* The claim is based on the alleged misconduct of defendant relating to the Note and Mortgage that plaintiffs assert in their other claims. However, plaintiffs did not respond to defendant's motion to dismiss with respect to this claim. Accordingly, defendant is entitled to have the claim dismissed because plaintiffs have failed to dispute the arguments or otherwise prosecute the claim. *See* FED. R. CIV. P. 41(b).

Further, plaintiffs' MBLSLA claim is subject to dismissal because the MBLSLA does not apply to defendant. Specifically, MICH. COMP. LAWS § 445.1675(m) states that the MBLSLA does not apply to:

> A mortgage broker, mortgage lender, or a mortgage servicer that is a subsidiary or affiliate of a depository financial institution or a subsidiary or affiliate of a holding company of a depository financial institution, if the depository financial institution maintains its main branch office or a branch office in this state.

Because it is a depository financial institution and a subsidiary of JPMorgan Chase & Co., defendant is not subject to the MBLSLA. *See* Statement of Corporate Disclosure, ECF docket # 2.

Further, even if the MBLSLA did apply to defendant, plaintiffs' Complaint does not state a claim for relief. Plaintiffs allege that defendant violated the following portion of the MBLSLA:

> It is a violation of this act for a licensee or registrant to do any of the following:
> (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act.
> (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

MICH. COMP. LAWS § 445.1672. This claim is no different from plaintiffs' misrepresentation claims, which, for the reasons stated above, are subject to dismissal.

Accordingly, the Court should grant defendant's motion to dismiss with respect to plaintiffs' MLBLSA claim.

D.  *Conclusion*

In view of the foregoing, the Court should conclude that plaintiffs have failed to state a claim upon which relief can be granted, and have failed to allege their fraud claims with the particularity required by Rule 9(b). Accordingly, the Court should grant defendant's motion to dismiss with respect to all of plaintiff's claims.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of

appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:7/23/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 23, 2010.

s/Eddrey Butts
Case Manager